IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PATRICK C. GARTNER,**

    Plaintiff,

v.

**THE UNITED STATES OF AMERICA,**

    Defendant.

Civ. No. 6:16-cv-01680-JR

OPINION and ORDER

MCSHANE, Judge:

Magistrate Judge Jolie A. Russo filed a Findings and Recommendation (ECF No. 19) and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72. After having reviewed the legal principles and the Plaintiff's Objections (ECF No. 22), I find no error and conclude it is correct. *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1998).

For the following reasons, Judge Russo's Findings and Recommendation is adopted in its entirety, Defendants' Motions to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 6) are GRANTED, and Plaintiff's case is DISMISSED with prejudice.

1 – OPINION AND ORDER

## PROCEDURAL HISTORY

On November 15, 2016, the Defendant filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 6). On February 3, 2017, Judge Russo heard oral arguments on the motion (ECF No. 21). On February 15, 2017, Judge Russo filed a Findings and Recommendation (ECF No. 19), granting the Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. On March 1, 2017, Plaintiff filed his Objections to Judge Russo's Findings and Recommendation (ECF No. 22). On March 24, 2017, the Defendant filed its Response to Plaintiff's Objections (ECF No. 25).

In her Findings and Recommendation, Judge Russo found that the Court lacked subject matter jurisdiction to hear the case and that plaintiff failed to state a claim for relief. Judge Russo recommended that Defendants' Motions to Dismiss for Lack of Jurisdiction and Failure to State a Claim be granted and Plaintiff's case be dismissed. (ECF No. 19).

## STANDARD OF REVIEW

Where the court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). The party who seeks to invoke the subject matter jurisdiction of the court bears the burden of establishing that such jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may hear evidence regarding subject matter jurisdiction and resolve factual disputes where necessary. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

Similarly, where the plaintiff "fails to state a claim upon which relief can be granted," the action must be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint, must allege "enough facts to state a claim to relief that is plausible on its face."

2 – OPINION AND ORDER

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

## DISCUSSION

Plaintiff, Patrick C. Gartner, brings claims under the Federal Tort Claims Act (FTCA) for Negligence and Intentional Infliction of Emotional Distress (IIED) arising from the conduct of managers at the Veterans Administration Medical Center (VAMC) in Roseburg, Oregon.

In his objections, plaintiff states that his claims are not preempted by the Civil Service Reform Act (CSRA) because the actions of VA managers were not "personnel actions" under the statute. Though plaintiff also objects on several other grounds, it is unnecessary for the Court to address these objections because plaintiff's claims are preempted by the CSRA, and the Court lacks subject matter jurisdiction.

Plaintiff's objection merely reasserts that the actions of VAMC management alleged in the complaint were not personnel actions under the CSRA. Judge Russo's Findings and Recommendation, however, details why VAMC management's actions are personnel actions under the statute. Specifically, Judge Russo found that the actions alleged in the complaint fall under the statutory provisions found in 5 U.S.C § 2302(b)(1) (prohibiting actions on basis of

3 – OPINION AND ORDER

sex), § 2302(b)(8) (prohibiting actions with respect to an employee that reports mismanagement, abuse of authority, danger to public health, or other violations of law, rule, or regulation), § 2302(b)(9) (prohibiting actions against employee who files a grievance), and § 2302(b)(12) (prohibiting actions in violation of "merit system principles"). Even those actions based upon a personal vendetta against plaintiff would be preempted by the CSRA because the CSRA "merit system principles" require equitable treatment and protect employees against arbitrary action and personal favoritism. 5 U.S.C § 2301(b)(2), 5 U.S.C § 2301(b)(8)(A). Furthermore, though plaintiff attempts to distinguish *Saul v. United States*, 928 F.2d 829 (9th Cir. 1991) and *Mangano v. United States*, 829 F.3d 1243, 1246 (9th Cir. 2008), these attempts are unpersuasive. Because plaintiff's complaint alleges that VAMC management took personnel action against him for reasons prohibited by the CSRA, his claims are preempted by the CSRA, and the Court lacks subject matter jurisdiction in this case.

In his objections, plaintiff also argues that he should be granted leave to amend the complaint. Defendant correctly points out that plaintiff never moved to amend the complaint. Though leave to amend is mentioned in plaintiff's briefing, Local Rule 7-1(b) bars the combination of any motion "with any response, reply, or other pleading." In addition, amendment of the complaint would be futile because the Court lacks subject matter jurisdiction to hear plaintiff's case. As a result, the Court finds an amendment to the complaint would be inappropriate.

## CONCLUSION

For these reasons, it is hereby ordered that Magistrate Judge Russo's Findings and Recommendation (ECF No. 19) is ADOPTED IN ITS ENTIRETY. Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (ECF No. 6) are GRANTED. Plaintiff's case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this _1_ day of ~~April~~ may, 2017.

                                                      **Michael J. McShane**
                                                     **United States District Judge**